08 CV 4985

JUDGE PATTERSON

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
========================================X   Case No.
ILYA SIMANTOBOV,

                        Plaintiff,   NOTICE OF REMOVAL
                                     OF ACTION
      - against -

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                        Defendants.
========================================X

RECEIVED MAY 30 2008 U.S.D.C. S.D.N.Y. CASHIERS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE**, that defendant GMAC Mortgage, LLC ("GMAC") hereby removes to this court the state court action described below.

    1.    On April 3, 2008, an action was commenced in the Supreme Court of the State of New York for the County of Queens, entitled *Ilya Simantobov v. Brucha Mortgage Bankers Corp., et al.*, Index No. 8448/08. The complaint was served through the New York Department of State Division of Corporations on May 6, 2008.

    2.    The complaint alleges, in sum and substance, that GMAC violated the Fair Debt Credit Reporting Act, 15 U.S.C. §1681, et seq., in that GMAC "erroneously reported late payments or defaults to credit agencies." Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441(b) as this Court has federal question jurisdiction under 28 U.S.C. §1331.

    3.    To the extent Plaintiff purports to allege any state law cause of action, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4.   Copies of all process, pleadings and orders served upon GMAC in the state court action are attached hereto.

5.   Written notice of this Notice of Removal will be filed in the Supreme Court of the State of New York, County of Queens.

**WHEREFORE**, defendant GMAC respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Southern District of New York.

Dated: New York, New York
May 30, 2008

> HINSHAW & CULBERTSON LLP
>
> By: _____
> Schuyler B. Kraus (SK-8105)
> Philip Touitou (PT-4302)
> 780 Third Avenue, 4th Floor
> (212) 471-6200
> *Attorneys for Defendant GMAC Mortgage, LLC*

To:   Anna Pechersky, Esq.
LAW OFFICES OF NATHAN PINKHASOV, PLLC
95-20 63rd Road, Suite B
Rego Park, New York 11374
(718) 459-2600

Brucha Mortgage Bankers Corp.
5809 16th Avenue
Brooklyn, New York 11204

31028301v1 838180

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
------------------------------------------------------------X
ILYA SIMANTOBOV,

                Plaintiff,                    SUMMONS
                                                          ORIGINAL FILED
                                                          WITH THE CLERK:  4/3/08

-against-                                                  INDEX NO.: 8448/08

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,                        SBL#:
                                                                                 Block: 3092 Lot: 87

                Defendants.
------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Verified Complaint in the above entitled action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty 60) days of service hereof. In case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

      QUEENS County is designated as the place of trial. The basis of venue is the residence of the Plaintiff.

Dated: March 31, 2008
       Rego Park, New York 11374

                                                      EDWARD C. DONNELLY, ESQ., OF COUNSEL
                                                      TO LAW OFFICES OF
                                                      NATHAN PINKHASOV, PLLC
                                                      Attorney for Plaintiff
                                                      95-20 63rd Road, Suite B
                                                      Rego Park, New York 11374
                                                      718-459-2600

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS
------------------------------------------------------------X
ILYA SIMANTOBOV,

                Plaintiff,　　　　　　　　　　VERIFIED COMPLAINT

-against-　　　　　　　　　　　　　　　　　　INDEX NO.: 8443/08

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                Defendants.
------------------------------------------------------------X

The Plaintiff, by his attorney, Edward C. Donnelly, Esq., of counsel to Nathan Pinkhasov, PLLC as and for its complaint against the Defendant(s) alleges upon information and belief as follows that:

FIRST: Plaintiff is an individual residing in the County of Queens, State of New York.

SECOND: Defendant Brucha Mortgage Bankers corporation is a Domestic Banking Corporation doing business in the State of New York.

THIRD: Defendant GMAC Mortgage LLC, is a Domestic Banking Corporation doing business in the State of New York.

2008 APR -3 A 4:40
RECEIVED
CLERK'S OFFICE
QUEENS COUNTY

FOURTH: On or about the 18th day of August, 1988, the Plaintiff duly executed a Note whereby said Plaintiff promised to pay the sum of One Hundred Thirty Thousand ($130,000.00) Dollars with interest on the unpaid balance.

FIFTH: On or about that same date, the Plaintiff executed and delivered a mortgage to secure the aforesaid payment in the sum of One Hundred Thirty Thousand ($130,000.00) Dollars, which mortgage was recorded as follows: Recording date: September 6, 1988; Book/Page 2671/2168; County of (or City Register) Queens.

SIXTH: Said mortgage was subsequently assigned to Federal Home Loan Mortgage Corporation by assignment, further assigned to First Federal Savings and Loan, and then further assigned to Brucha Mortgage Bankers Corporation.

SEVENTH: The Plaintiff is also the holder of a second mortgage in the sum of Forty Three Thousand, One Hundred Twenty Nine Thousand ($43,129.53) Dollars and Fifty-Three Cents which mortgage was also recorded to wit: Recording date: December 14, 1994; Book/Page 4034/1801; County (or City Register) Queens.

EIGHTH: Said mortgage was modified or consolidated with the prior mortgage referenced (Book/Page 2671/2168) to form a single lien in the amount of One Hundred Sixty Eight Thousand ($168,000.00) Dollars.

NINTH: Defendant, GMAC Mortgage, LLC serviced the subject mortgage at the times and dates of the alleged incidents set forth herein.

TENTH: The mortgage premises was commonly known as 62-97 Austin Street, Rego Park, New York 11374, with the tax map designation of Block 3092, Lot 87.

ELEVENTH: Either or both of the Defendants by their agents, and/or representatives reported to one or all major credit agencies, including but not limited to Equifax, Experian (TRW), Trans Union, Innovis that Plaintiff had defaulted and/or had been more than 30 (thirty) days late on his mortgage payment on at least 18 (eighteen) or more occasions between in or about February, 2006 through July, 2007.

TWELFTH: Either or both of the Defendants by their agents and/or representatives did initiate an foreclosure action in the Supreme Court Queens County on or about June 21, 2007 under Index Number: 15830/07 via an action entitled <u>Brucha Mortgage Bankers Corporation c/o GMAC Mortgage LLC v. Ilya Simanto Bov, et.al,</u> and a Lis Pendens was filed against the subject property.

THIRTEENTH: As a result of the acceleration and said foreclosure proceeding Plaintiff was required to pay the Defendants through their attorney a lump sum payment in the amount of Thirteen Thousand Three Hundred Twenty-Two ($13,322.68) Dollars and Sixty-Eight Cents to reinstate said mortgage.

**FOURTEENTH:** Further subsequent to having the mortgage reinstated, the action discontinued and the Lis Pendens cancelled, Plaintiff was required to apply for and obtain an emergency, high interest refinance loan at the rate of 10.25% with Emigrant Mortgage, said terms based on his credit rating at point of application based on the negative reporting by Defendants and the commencement of the foreclosure action, and subject to a prepayment penalty.

**FIFTEENTH:** Plaintiff paid Defendants through their attorney the full payoff sum to satisfy said mortgage lien and note obligation, and said action was discontinued and the Lis Pendens was further cancelled.

**SIXTEENTH:** Defendant GMAC Mortgage, LLC did thereafter acknowledge, in writing, that the aforestated negative credit reports were corrected as per their records and as reported to said credit agencies.

## AS AND FOR THE FIRST CAUSE OF ACTION

**SEVENTEENTH:** The aforestated notes and mortgage entered into between the parties on or about August 18, 1988, as thereafter modified and consolidated, and assigned constituted a contract or agreement between the Plaintiff and/or the Defendants whereby a loan of certain monies was made to said Plaintiff by said Defendants and/or their successors in consideration of a promise to repay said monies under specified terms, as secured by a lien in the titled real property.

EIGHTEENTH: The Defendants, as assigns and/or successors were bound by the terms of said mortgage and note agreements.

NINETEENTH: The mortgage and note agreements further specified that Plaintiff's payments of the mortgage and note would be by monthly increments with acceleration of the note and mortgage obligation only upon the default of the Plaintiff in said payments as per the specified terms of same.

TWENTIETH: The mortgage and note agreements further specified that Defendants and their agents and representatives would properly, accurately and correctly report credit information to credit agencies and to keep proper, accurate and correct credit and payment information from the Plaintiff regarding receipt and application of mortgage payments.

TWENTY FIRST: Alternatively, the Defendants and their agents and representatives impliedly agreed that they would properly, accurately and correctly report credit information to credit agencies and to keep proper, accurate and correct credit and payment information regarding the Plaintiff regarding receipt and application of mortgage payments.

TWENTY SECOND: Plaintiff has and had duly performed all of the terms and conditions of said note and mortgage agreement on his part.

**TWENTY THIRD:** Defendants breached and defaulted in their performance pursuant to said mortgage and note agreements by not properly, accurately and correctly reporting credit information and mortgage payment to credit agencies, and failing to keep proper accurate and correct credit and payment information from the Plaintiff regarding receipt and application of all mortgage payments, in that they erroneously reported late payments or defaults to credit agencies, and did not keep proper, accurate and correct credit and payment information regarding the Plaintiff as to receipt and application of mortgage payments resulting in the aforestated negative credit reporting, foreclosure action and all damages arising therefrom.

**TWENTY FOURTH:** As a result of the foregoing, Plaintiff has been damaged in the sum of Twenty Five Thousand ($25,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

**TWENTY FIFTH:** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint, inclusive, as if fully set forth herein.

**TWENTY SIXTH:** Defendants had a duty of care and an affirmative obligation as a result of their position of Mortgagees and Obligees of said mortgage and note, and/or as a servicing agent and/or as a banking and financial institution, to keep proper, accurate and complete records of all mortgage payments received by Plaintiff, and their application of

same and to properly and accurately report all credit information to any third parties including credit agencies.

**TWENTY SEVENTH:** Defendant carelessly, negligently, improperly and erroneously reported Plaintiff as making late payments and/or defaulting in his mortgage obligation to third parties, including credit agencies, making erroneously reported and improperly and inaccurately accounting for Plaintiff' mortgage payments and application of same, resulting in the ruination of Plaintiff's credit record, a foreclosure action, emotional distress and all damages resulting therefrom as set forth above.

**TWENTY EIGHTH:** That as a result of the foregoing, Plaintiff has been damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

**TWENTY NINTH:** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint, inclusive, as if fully set forth herein.

**THIRTIETH:** In or about February 2006, and at least an additional seventeen (17) occasions thereafter, the Defendant falsely, maliciously and in a defamatory manner reported and published by a writing or other communication indicating late payments and/or default of the aforesaid mortgage payments by the Plaintiff to the mortgagee and

that said information was reported and published to the Defendants' employees, representatives, agents and service providers as well as all credit agencies.

THIRTY ONE: That said published information was false and that Defendants knew or should have known that the statements, information and reports published were untrue.

THIRTY TWO: That the Defendants meant and intended to mean to report negative and derogatory credit entries pertaining to the Plaintiff and his mortgage payments.

THIRTY THREE: Defendants recklessly and/or carelessly reported and published the aforesaid information.

THIRTY FOUR: That by reason of the foregoing, Plaintiff has been injured in his reputation in his credit and his good name creating a stigma regarding his financial standing and his credit rating resulting in the aforestated derogatory credit entries and foreclosure action, causing damages as set forth and further causing Plaintiff mental and emotional anguish and damages (and to be held up to ridicule and contempt) with Plaintiff damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

THIRTY FIVE: Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 34 of the Complaint, inclusive as if fully set forth herein.

**THIRTY SIX:** The actions of the Defendants herein and above alleged were malicious, willful, willfully negligent and in bad faith.

**THIRTY SEVEN:** The Defendants authorized, permitted and ratified the malicious, willful, willfully negligent and bad faith actions of their agents and representatives as herein and above alleged.

**THIRTY EIGHT:** By reasons of the above actions of Defendant, the Plaintiff demands punitive damages against the Defendant in the amount of One Million ($1,000,000.00) Dollars plus costs and attorney fees.

**WHEREFORE**, Plaintiff prays for the following relief, jointly and severally, against the Defendants:

1. Actual damages in the amount of Twenty Five Thousand ($25,000.00) Dollars;

2. Compensatory damages in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars;

3. Punitive damages in the amount of One Million ($1,000,000.00) Dollars;

4. Attorney fees; and

5. Such other and further relief as this Court deems just and proper.

Dated: Rego Park, New York
March 31, 2008

Yours, etc.

*[signature: Edward C. Donnelly]*

EDWARD C. DONNELLY, ESQ., OF COUNSEL
TO LAW OFFICES OF
NATHAN PINKHASOV, PLLC
Attorney for Plaintiff
95-20 63rd Road, Suite B
Rego Park, New York 11374
718- 459-2600

To: BRUCHA MORTGAGE BANKERS CORP
AND GMAC MORTGAGE, LLC

## VERIFICATION

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

Ilya Simantobov, being duly sworn, deposes and states:

I am the Plaintiff in the within action ~~for a divorce~~ and I reside in Queens County. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*ILYB SIMATOBOC*
Ilya Simantobov

Subscribed and sworn to before me
on March 31, 2008

_____
Notary Public

My commission expires on 3/27/10

DAWN M. WEINER
Notary Public, State of New York
No. 01WE6142860
Qualified in Queens County
Commission Expires March 27, 2010

Index No.:                              Year: 2008

**SUPREME COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**
ILYA SIMANTOBOV,

                                Plaintiffs,

                -against-

BRUCHA MORTGAGE BANKERS
CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                                Defendant.

**SUMMONS & VERIFIED COMPLAINT**

**LAW OFFICES OF NATHAN PINKHASOV, PLLC**
*Attorneys for Plaintiff*
95-20 63${}^{RD}$ Road, Suite B
Rego Park, New York 11374
Tel: 718-459-2600
Our File #: LIT132

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated:                          Signature:

                                Print Signer's Name: _____

Service of a copy of the within _____ is hereby
admitted.

Dated: _____

                                _____
                                Attorneys for Plaintiff/Defendant

PLEASE TAKE NOTICE
☐           that the within is a (certified) true copy of a _____
entered
NOTICE OF   in the office of the clerk of the within named Court on
ENTRY

☐           that an Order of which the within copy is a true copy will be presented for
NOTICE OF   settlement to the Hon.
SETTLEMENT       at                          one of the Judges of the within
named Court,
                     on                2008, at         M.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X   Case No. 08cv4985
ILYA SIMANTOBOV,

                      Plaintiff,                  **AFFIDAVIT OF SERVICE**

    - against -

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                      Defendants.
=========================================X

SUZY KIM, being duly sworn, deposes and states:

    1.    I am over the age of 18 years, am not a party to the instant action and reside in New York, New York.

    2.    On May 30, 2008, I caused a true and correct copy of the within Notice of Filing of Notice of Removal, Civil Cover Sheet, Notice of Removal of Action, Electronic Case Filing Rules & Instructions (SDNY), Individual Practices of Judge Robert P. Patterson, Jr., and Individual Practices of Magistrate Judge Andrew J. Peck to be served by Regular U.S. Mail upon the following:

    Anna Pechersky, Esq.
    LAW OFFICES OF NATHAN PINKHASOV, PLLC
    95-20 63rd Road, Suite B
    Rego Park, New York 11374

    Brucha Mortgage Bankers Corp.
    5809 16th Avenue
    Brooklyn, New York 11204

                                                    _____
                                                        SUZY KIM

Sworn to before me this
30th day of May, 2008

_____
NOTARY PUBLIC
SCHUYLER BLAKE KRAUS
Notary Public - State of New York
No. 02KR6047797
Qualified in Westchester County
My Commission Expires _____

                                                                        31028335v1 838180