Schuyler B. Kraus [SK8105]
Hinshaw & Culbertson LLP
*Attorneys for Defendant*
*GMAC Mortgage, LLC*
780 Third Avenue, 4th Floor
New York, New York 10017
(212) 471-6200 (Phone)
(212) 935-1166 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
===============================================X

ILYA SIMANTOBOV,

                      Plaintiff,

                08 CV 4985 (RPP)

    -against-

                **ANSWER AND**
                **AFFIRMATIVE DEFENSES**

BRUCHA MORTGAGE BANKERS CORPORATION and
GMAC MORTGAGE, LLC, as successors in interest or
Assigns of Federal Home Loan Mortgage and First Federal
Savings and Loan,
                    Defendants.
===============================================X

      Defendant GMAC Mortgage, LLC ("GMAC" or "Defendant"), by and through its attorney, Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to plaintiff's Complaint states as follows:

      1.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "FIRST" of the Complaint.

      2.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity in paragraph "SECOND" of the Complaint.

      3.    Defendant denies the allegations in paragraph "THIRD" of the Complaint, except admits that it is authorized to do business in New York.

      4.    Defendant admits the allegations set forth in paragraph "FOURTH" of the Complaint.

5. Defendant admits the allegations set forth in paragraph "FIFTH" of the Complaint.

6. Defendant admits the allegations set forth in paragraph "SIXTH" of the Complaint.

7. Defendant admits the allegations set forth in paragraph "SEVENTH" of the Complaint.

8. Defendant admits the allegations set forth in paragraph "EIGHTH" of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of whether it serviced the subject mortgage at the times and dates "set forth herein," as alleged in paragraph "NINTH" of the Complaint.

10. Defendant admits the allegations set forth in paragraph "TENTH" of the Complaint.

11. Defendant denies the allegations set forth in paragraph "ELEVENTH" of the Complaint.

12. Defendant admits the allegations set forth in paragraph "TWELFTH" paragraph of the Complaint.

13. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "THIRTEENTH" paragraph of the Complaint, except admits that the plaintiff made a payment to bring his loan current.

14. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "FOURTEENTH" paragraph of the Complaint.

31028395v3 838180

15. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "FIFTEENTH" paragraph of the Complaint, except admits that a payment was received and applied towards the mortgage lien and note obligation, and that a mortgage foreclosure action against plaintiff was discontinued, and a Lis Pendens was cancelled.

16. Defendant admits the allegations in paragraph "SIXTEENTH" of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

17. Defendant denies the allegations set forth in paragraph "SEVENTEENTH" paragraph of the Complaint.

18. Defendant denies the allegations in paragraph "EIGHTEENTH" of the Complaint.

19. No response is required as paragraph "NINETEENTH" consists entirely of a legal conclusion. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

20. No response is required as paragraph "TWENTIETH" consists entirely of a legal conclusion. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

21. In as much as the allegations of paragraph "TWENTY FIRST" infer any wrongdoing by Defendant, those allegations are denied.

22. Defendant denies the allegations in paragraph "TWENTY SECOND" of the Complaint.

23. Defendant denies the allegations in paragraph "TWENTY THIRD" of the Complaint.

31028395v3 838180

24. Defendant denies the allegations in paragraph "TWENTY FOURTH" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "TWENTY FOURTH" herein as for its answer to Paragraph "TWENTY FIFTH" of the Complaint.

26. No response is required as paragraph "TWENTY SIXTH" consists entirely of a legal conclusion. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

27. Defendant denies the allegations in paragraph "TWENTY SEVENTH" of the Complaint.

28. Defendant denies the allegations in paragraph "TWENTY EIGHTH" of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "TWENTY EIGHTH" herein as for its answer to Paragraph "TWENTY NINTH" of the Complaint.

30. Defendant denies the allegations in paragraph "THIRTIETH" of the Complaint.

31. Defendant denies the allegations in paragraph "THIRTY FIRST" of the Complaint.

32. In response to paragraph "THIRTY TWO" of the Complaint, Defendant admits that reports to credit agencies concerning plaintiff's delinquent payments on his mortgage were made pursuant to the mortgage and applicable law. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

31028395v3 838180

33. Defendant denies the allegations in paragraph "THIRTY THREE" of the Complaint.

34. Defendant denies the allegations in paragraph "THIRTY FOUR" of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

35. Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "THIRTY FOUR" herein as for its answer to Paragraph "THIRTY FIVE" of the Complaint.

36. Defendant denies the allegations in paragraph "THIRTY SIX" of the Complaint.

37. Defendant denies the allegations in paragraph "THIRTY SEVEN" of the Complaint.

38. Defendant denies any wrongdoing or that plaintiff is entitled to any damages as a response to paragraph "THIRTY EIGHT" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim that GMAC violated the Fair Debt Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"), fails as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence claims are preempted by the FCRA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by plaintiff's failure to mitigate damages.

31028395v3 838180

## FIFTH AFFIRMATIVE DEFENSE

Any injury sustained by plaintiff is the result of the culpable conduct of plaintiff and/or third parties and not that of GMAC.

## SIXTH AFFIRMATIVE DEFENSE

Any losses which may have been sustained by Plaintiffs, all of which are denied, were caused or substantially contributed to by reason of Plaintiff's own culpable conduct, negligence, carelessness and want of ordinary care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred by the doctrines of estoppel, and/or waiver, and/or "unclean hands."

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in Defendant's favor as the Court deems just and proper.


Dated: New York, New York
       June 6, 2008

                                        HINSHAW & CULBERTSON LLP

                                        By: _____
                                            Schuyler B. Kraus [SK8105]
                                            *Attorneys for Defendant*
                                            *GMAC Mortgage, LLC*
                                            780 Third Avenue, 4th Floor
                                            New York, New York 10017
                                            (212) 471-6200 (Phone)
                                            (212) 935-1166 (Fax)

To:   Anna Pechersky, Esq.
      Law Offices of Nathan Pinkhasov, PLLC
      95-20 63rd Road, Suite B
      Rego Park, New York 11374
      (718) 459-2600

31028395v3 838180

Brucha Mortgage Bankers Corp.
5809 16th Avenue
Brooklyn, New York 11204