Maranda E. Fritz [MF-8060]
HINSHAW & CULBERTSON LLP
780 Third Avenue, 4th Floor
New York, New York  10017
212-471-6200
*Attorneys for GMAC Mortgage, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
================================================X

ILYA SIMANTOBOV,

                              Plaintiff,

                                                  08 CV 4985 (RPP)

          -against                          **DECLARATION OF**
                                            **MARANDA E. FRITZ**

BRUCHA MORTGAGE BANKERS CORPORATION and
GMAC MORTGAGE, LLC, as successors in interest or
Assigns of Federal Home Loan Mortgage and First Federal
Savings and Loan,
                              Defendants.
================================================X

          I, Maranda E. Fritz, hereby declare, under the penalties of perjury of the United States of

America and the State of New York, as follows:

          1.      I am a partner in the law firm of Hinshaw & Culbertson LLP, attorneys for

defendant GMAC Mortgage, LLC ("GMAC") in the above-captioned case.  This declaration is

made in support of GMAC's Memorandum In Support Of Exercise of Subject Matter

Jurisdiction.

          2.      A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

          3.      A true and correct copy of GMAC's Answer and Affirmative Defenses is attached

hereto as Exhibit B.

4.    A true and correct copy of GMAC's Notice of Removal of Action is attached hereto as Exhibit C.

Executed this 10th day of July, 2008 in New York, New York.

Maranda E. Fritz [MF-8060]

31028908v1 889624

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF QUEENS .
------------------------------------------------------------X
ILYA SIMANTOBOV,

                                    **Plaintiff,**                    **VERIFIED COMPLAINT**

-against-                                                   **INDEX NO.:** 8443/08

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                                    **Defendants.**

------------------------------------------------------------X

        The Plaintiff, by his attorney, Edward C. Donnelly, Esq., of counsel to Nathan

Pinkhasov, PLLC as and for its complaint against the Defendant(s) alleges upon

information and belief as follows that:


**FIRST:**  Plaintiff is an individual residing in the County of Queens, State of New York.


**SECOND:**  Defendant Brucha Mortgage Bankers corporation is a Domestic Banking

Corporation doing business in the State of New York.


**THIRD:**  Defendant GMAC Mortgage LLC, is a Domestic Banking Corporation doing

business in the State of New York.

2008 APR -3 A 9 40
RECEIVED
CLERKS OFFICE
QUEENS COUNTY

**FOURTH:** On or about the 18th day of August, 1988, the Plaintiff duly executed a Note whereby said Plaintiff promised to pay the sum of One Hundred Thirty Thousand ($130,000.00) Dollars with interest on the unpaid balance.

**FIFTH:** On or about that same date, the Plaintiff executed and delivered a mortgage to secure the aforesaid payment in the sum of One Hundred Thirty Thousand ($130,000.00) Dollars, which mortgage was recorded as follows: Recording date: September 6, 1988; Book/Page 2671/2168; County of (or City Register) Queens.

**SIXTH:** Said mortgage was subsequently assigned to Federal Home Loan Mortgage Corporation by assignment, further assigned to First Federal Savings and Loan, and then further assigned to Brucha Mortgage Bankers Corporation.

**SEVENTH:** The Plaintiff is also the holder of a second mortgage in the sum of Forty Three Thousand, One Hundred Twenty Nine Thousand ($43,129.53) Dollars and Fifty-Three Cents which mortgage was also recorded to wit: Recording date: December 14, 1994; Book/Page 4034/1801; County (or City Register) Queens.

**EIGHTH:** Said mortgage was modified or consolidated with the prior mortgage referenced (Book/Page 2671/2168) to form a single lien in the amount of One Hundred Sixty Eight Thousand ($168,000.00) Dollars.

**NINTH:** Defendant, GMAC Mortgage, LLC serviced the subject mortgage at the times and dates of the alleged incidents set forth herein.

**TENTH:** The mortgage premises was commonly known as 62-97 Austin Street, Rego Park, New York 11374, with the tax map designation of Block 3092, Lot 87.

**ELEVENTH:** Either or both of the Defendants by their agents, and/or representatives reported to one or all major credit agencies, including but not limited to Equifax, Experian (TRW), Trans Union, Innovis that Plaintiff had defaulted and/or had been more than 30 (thirty) days late on his mortgage payment on at least 18 (eighteen) or more occasions between in or about February, 2006 through July, 2007.

**TWELFTH:** Either or both of the Defendants by their agents and/or representatives did initiate an foreclosure action in the Supreme Court Queens County on or about June 21, 2007 under Index Number: 15830/07 via an action entitled <u>Brucha Mortgage Bankers Corporation c/o GMAC Mortgage LLC v. Ilya Simanto Bov. et.al.</u> and a Lis Pendens was filed against the subject property.

**THIRTEENTH:** As a result of the acceleration and said foreclosure proceeding Plaintiff was required to pay the Defendants through their attorney a lump sum payment in the amount of Thirteen Thousand Three Hundred Twenty-Two ($13,322.68) Dollars and Sixty-Eight Cents to reinstate said mortgage.

**FOURTEENTH:** Further subsequent to having the mortgage reinstated, the action discontinued and the Lis Pendens cancelled, Plaintiff was required to apply for and obtain an emergency, high interest refinance loan at the rate of 10.25% with Emigrant Mortgage, said terms based on his credit rating at point of application based on the negative reporting by Defendants and the commencement of the foreclosure action, and subject to a prepayment penalty.

**FIFTEENTH:** Plaintiff paid Defendants through their attorney the full payoff sum to satisfy said mortgage lien and note obligation, and said action was discontinued and the Lis Pendens was further cancelled.

**SIXTEENTH:** Defendant GMAC Mortgage, LLC did thereafter acknowledge, in writing, that the aforestated negative credit reports were corrected as per their records and as reported to said credit agencies.

## AS AND FOR THE FIRST CAUSE OF ACTION

**SEVENTEENTH:** The aforestated notes and mortgage entered into between the parties on or about August 18, 1988, as thereafter modified and consolidated, and assigned constituted a contract or agreement between the Plaintiff and/or the Defendants whereby a loan of certain monies was made to said Plaintiff by said Defendants and/or their successors in consideration of a promise to repay said monies under specified terms, as secured by a lien in the titled real property.

**EIGHTEENTH:** The Defendants, as assigns and/or successors were bound by the terms of said mortgage and note agreements.

**NINETEENTH:** The mortgage and note agreements further specified that Plaintiff's payments of the mortgage and note would be by monthly increments with acceleration of the note and mortgage obligation only upon the default of the Plaintiff in said payments as per the specified terms of same.

**TWENTIETH:** The mortgage and note agreements further specified that Defendants and their agents and representatives would properly, accurately and correctly report credit information to credit agencies and to keep proper, accurate and correct credit and payment information from the Plaintiff regarding receipt and application of mortgage payments.

**TWENTY FIRST:** Alternatively, the Defendants and their agents and representatives impliedly agreed that they would properly, accurately and correctly report credit information to credit agencies and to keep proper, accurate and correct credit and payment information regarding the Plaintiff regarding receipt and application of mortgage payments.

**TWENTY SECOND:** Plaintiff has and had duly performed all of the terms and conditions of said note and mortgage agreement on his part.

**TWENTY THIRD:** Defendants breached and defaulted in their performance pursuant to said mortgage and note agreements by not properly, accurately and correctly reporting credit information and mortgage payment to credit agencies, and failing to keep proper accurate and correct credit and payment information from the Plaintiff regarding receipt and application of all mortgage payments, in that they erroneously reported late payments or defaults to credit agencies, and did not keep proper, accurate and correct credit and payment information regarding the Plaintiff as to receipt and application of mortgage payments resulting in the aforestated negative credit reporting, foreclosure action and all damages arising therefrom.

**TWENTY FOURTH:** As a result of the foregoing, Plaintiff has been damaged in the sum of Twenty Five Thousand ($25,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

**TWENTY FIFTH:** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint, inclusive, as if fully set forth herein.

**TWENTY SIXTH:** Defendants had a duty of care and an affirmative obligation as a result of their position of Mortgagees and Obligees of said mortgage and note, and/or as a servicing agent and/or as a banking and financial institution, to keep proper, accurate and complete records of all mortgage payments received by Plaintiff, and their application of

same and to properly and accurately report all credit information to any third parties including credit agencies.

**TWENTY SEVENTH:** Defendant carelessly, negligently, improperly and erroneously reported Plaintiff as making late payments and/or defaulting in his mortgage obligation to third parties, including credit agencies, making erroneously reported and improperly and inaccurately accounting for Plaintiff' mortgage payments and application of same, resulting in the ruination of Plaintiff's credit record, a foreclosure action, emotional distress and all damages resulting therefrom as set forth above.

**TWENTY EIGHTH:** That as a result of the foregoing, Plaintiff has been damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

**TWENTY NINTH:** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint, inclusive, as if fully set forth herein.

**THIRTIETH:** In or about February 2006, and at least an additional seventeen (17) occasions thereafter, the Defendant falsely, maliciously and in a defamatory manner reported and published by a writing or other communication indicating late payments and/or default of the aforesaid mortgage payments by the Plaintiff to the mortgagee and

that said information was reported and published to the Defendants' employees, representatives, agents and service providers as well as all credit agencies.

**THIRTY ONE:** That said published information was false and that Defendants knew or should have known that the statements, information and reports published were untrue.

**THIRTY TWO:** That the Defendants meant and intended to mean to report negative and derogatory credit entries pertaining to the Plaintiff and his mortgage payments.

**THIRTY THREE:** Defendants recklessly and/or carelessly reported and published the aforesaid information.

**THIRTY FOUR:** That by reason of the foregoing, Plaintiff has been injured in his reputation in his credit and his good name creating a stigma regarding his financial standing and his credit rating resulting in the aforestated derogatory credit entries and foreclosure action, causing damages as set forth and further causing Plaintiff mental and emotional anguish and damages (and to be held up to ridicule and contempt) with Plaintiff damaged in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

**THIRTY FIVE:** Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 34 of the Complaint, inclusive as if fully set forth herein.

**THIRTY SIX:** The actions of the Defendants herein and above alleged were malicious, willful, willfully negligent and in bad faith.

**THIRTY SEVEN:** The Defendants authorized, permitted and ratified the malicious, willful, willfully negligent and bad faith actions of their agents and representatives as herein and above alleged.

**THIRTY EIGHT:** By reasons of the above actions of Defendant, the Plaintiff demands punitive damages against the Defendant in the amount of One Million ($1,000,000.00) Dollars plus costs and attorney fees.

**WHEREFORE,** Plaintiff prays for the following relief, jointly and severally, against the Defendants:

1. Actual damages in the amount of Twenty Five Thousand ($25,000.00) Dollars;

2. Compensatory damages in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars;

3. Punitive damages in the amount of One Million ($1,000,000.00) Dollars;

4. Attorney fees; and

5. Such other and further relief as this Court deems just and proper.

Dated: Rego Park, New York
        March 31, 2008

Yours, etc.

EDWARD C. DONNELLY, ESQ., OF COUNSEL
**TO LAW OFFICES OF**
**NATHAN PINKHASOV, PLLC**
Attorney for Plaintiff
95-20 63rd Road, Suite B
Rego Park, New York 11374
718- 459-2600

To:     BRUCHA MORTGAGE BANKERS CORP
        AND GMAC MORTGAGE, LLC

## VERIFICATION

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

Ilya Simantobov, being duly sworn, deposes and states:

I am the Plaintiff in the within action ~~for a divorce~~ and I reside in Queens County. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Ilya Simantobov

Subscribed and sworn to before me
on March 31 , 2008

_____
Notary Public

My commission expires on 3/27/10

DAWN M. WEINER
Notary Public, State of New York
No. 01WE6142860
Qualified in Queens County
Commission Expires March 27, 2010

Index No.:    Year: 2008

## SUPREME COURT OF THE CITY OF NEW YORK
## COUNTY OF QUEENS

ILYA SIMANTOBOV,

Plaintiffs,

-against-

BRUCHA MORTGAGE BANKERS
CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

Defendant.

## SUMMONS & VERIFIED COMPLAINT

## LAW OFFICES OF NATHAN PINKHASOV, PLLC
*Attorneys for Plaintiff*
95-20 63RD Road, Suite B
Rego Park, New York 11374
Tel: 718-459-2600
Our File #: LIT132

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in*
*the courts of New York State, certifies that, upon information and belief and reasonable*
*inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated:*    *Signature:*

*Print Signer's Name:*

Service of a copy of the within    is    hereby
admitted.

Dated:

Attorneys for Plaintiff/Defendant

PLEASE TAKE NOTICE

☐    that the within is a (certified) true copy of a _____
entered
NOTICE OF   in the office of the clerk of the within named Court on
ENTRY

☐    that an Order of which the within copy is a true copy will be presented for
NOTICE OF   settlement to the Hon.
SETTLEMENT    at    one of the Judges of the within
named Court,
    on    2008, at    M.

# EXHIBIT B

Schuyler B. Kraus [SK8105]
Hinshaw & Culbertson LLP
*Attorneys for Defendant*
*GMAC Mortgage, LLC*
780 Third Avenue, 4th Floor
New York, New York 10017
(212) 471-6200 (Phone)
(212) 935-1166 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
=============================================X

ILYA SIMANTOBOV,

                          Plaintiff,

                                                      08 CV 4985 (RPP)

       -against-                                          **ANSWER AND**
                                                      **AFFIRMATIVE DEFENSES**

BRUCHA MORTGAGE BANKERS CORPORATION and
GMAC MORTGAGE, LLC, as successors in interest or
Assigns of Federal Home Loan Mortgage and First Federal
Savings and Loan,

                                  Defendants.
=============================================X

      Defendant GMAC Mortgage, LLC ("GMAC" or "Defendant"), by and through its

attorney, Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to plaintiff's

Complaint states as follows:

      1.     Defendant is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in paragraph "FIRST" of the Complaint.

      2.     Defendant is without knowledge or information sufficient to form a belief as to

the truth or falsity in paragraph "SECOND" of the Complaint.

      3.     Defendant denies the allegations in paragraph "THIRD" of the Complaint, except

admits that it is authorized to do business in New York.

      4.     Defendant admits the allegations set forth in paragraph "FOURTH" of the

Complaint.

5.      Defendant admits the allegations set forth in paragraph "FIFTH" of the Complaint.

6.      Defendant admits the allegations set forth in paragraph "SIXTH" of the Complaint.

7.      Defendant admits the allegations set forth in paragraph "SEVENTH" of the Complaint.

8.      Defendant admits the allegations set forth in paragraph "EIGHTH" of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of whether it serviced the subject mortgage at the times and dates "set forth herein," as alleged in paragraph "NINTH" of the Complaint.

10.     Defendant admits the allegations set forth in paragraph "TENTH" of the Complaint.

11.     Defendant denies the allegations set forth in paragraph "ELEVENTH" of the Complaint.

12.     Defendant admits the allegations set forth in paragraph "TWELFTH" paragraph of the Complaint.

13.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "THIRTEENTH" paragraph of the Complaint, except admits that the plaintiff made a payment to bring his loan current.

14.     Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "FOURTEENTH" paragraph of the Complaint.

2

31028395v3 838180

15. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the "FIFTEENTH" paragraph of the Complaint, except admits that a payment was received and applied towards the mortgage lien and note obligation, and that a mortgage foreclosure action against plaintiff was discontinued, and a Lis Pendens was cancelled.

16. Defendant admits the allegations in paragraph "SIXTEENTH" of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

17. Defendant denies the allegations set forth in paragraph "SEVENTEENTH" paragraph of the Complaint.

18. Defendant denies the allegations in paragraph "EIGHTEENTH" of the Complaint.

19. No response is required as paragraph "NINETEENTH" consists entirely of a legal conclusion. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

20. No response is required as paragraph "TWENTIETH" consists entirely of a legal conclusion. To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

21. In as much as the allegations of paragraph "TWENTY FIRST" infer any wrongdoing by Defendant, those allegations are denied.

22. Defendant denies the allegations in paragraph "TWENTY SECOND" of the Complaint.

23. Defendant denies the allegations in paragraph "TWENTY THIRD" of the Complaint.

3

24.     Defendant denies the allegations in paragraph "TWENTY FOURTH" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

25.     Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "TWENTY FOURTH" herein as for its answer to Paragraph "TWENTY FIFTH" of the Complaint.

26.     No response is required as paragraph "TWENTY SIXTH" consists entirely of a legal conclusion.   To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

27.     Defendant denies the allegations in paragraph "TWENTY SEVENTH" of the Complaint.

28.     Defendant denies the allegations in paragraph "TWENTY EIGHTH" of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

29.     Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "TWENTY EIGHTH" herein as for its answer to Paragraph "TWENTY NINTH" of the Complaint.

30.     Defendant denies the allegations in paragraph "THIRTIETH" of the Complaint.

31.     Defendant denies the allegations in paragraph "THIRTY FIRST" of the Complaint.

32.     In response to paragraph "THIRTY TWO" of the Complaint, Defendant admits that reports to credit agencies concerning plaintiff's delinquent payments on his mortgage were made pursuant to the mortgage and applicable law.  To the extent that the allegations contained in this paragraph infer any wrongdoing by Defendant, those allegations are denied.

4

33.    Defendant denies the allegations in paragraph "THIRTY THREE" of the Complaint.

34.    Defendant denies the allegations in paragraph "THIRTY FOUR" of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

35.    Defendant repeats, reiterates, and re-alleges each and every answer to every allegation set forth in paragraphs designated "FIRST" through "THIRTY FOUR" herein as for its answer to Paragraph "THIRTY FIVE" of the Complaint.

36.    Defendant denies the allegations in paragraph "THIRTY SIX" of the Complaint.

37.    Defendant denies the allegations in paragraph "THIRTY SEVEN" of the Complaint.

38.    Defendant denies any wrongdoing or that plaintiff is entitled to any damages as a response to paragraph "THIRTY EIGHT" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim that GMAC violated the Fair Debt Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA"), fails as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence claims are preempted by the FCRA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by plaintiff's failure to mitigate damages.

5

31028395v3 838180

## FIFTH AFFIRMATIVE DEFENSE

Any injury sustained by plaintiff is the result of the culpable conduct of plaintiff and/or third parties and not that of GMAC.

## SIXTH AFFIRMATIVE DEFENSE

Any losses which may have been sustained by Plaintiffs, all of which are denied, were caused or substantially contributed to by reason of Plaintiff's own culpable conduct, negligence, carelessness and want of ordinary care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred by the doctrines of estoppel, and/or waiver, and/or "unclean hands."

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in Defendant's favor as the Court deems just and proper.


Dated: New York, New York
       June 6, 2008

                                        HINSHAW & CULBERTSON LLP

                                        By: _____
                                            Schuyler B. Kraus [SK8105]
                                            *Attorneys for Defendant*
                                            *GMAC Mortgage, LLC*
                                            780 Third Avenue, 4th Floor
                                            New York, New York 10017
                                            (212) 471-6200 (Phone)
                                            (212) 935-1166 (Fax)

To:    Anna Pechersky, Esq.
       Law Offices of Nathan Pinkhasov, PLLC
       95-20 63Rd Road, Suite B
       Rego Park, New York 11374
       (718) 459-2600

6

Brucha Mortgage Bankers Corp.
5809 16th Avenue
Brooklyn, New York 11204

7

# EXHIBIT C



UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
=========================================X   Case No.

ILYA SIMANTOBOV,

                              Plaintiff,

- against -

BRUCHA MORTGAGE BANKERS CORPORATION
and GMAC MORTGAGE, LLC, as successors in interest
or assigns of Federal Home Loan Mortgage and First
Federal Savings and Loan,

                              Defendants.
=========================================X

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE,** that defendant GMAC Mortgage, LLC ("GMAC") hereby

removes to this court the state court action described below.

   1.    On April 3, 2008, an action was commenced in the Supreme Court of the State of

New York for the County of Queens, entitled *Ilya Simantobov v. Brucha Mortgage Bankers*

*Corp., et al.,* Index No. 8448/08.  The complaint was served through the New York Department

of State Division of Corporations on May 6, 2008.

   2.    The complaint alleges, in sum and substance, that GMAC violated the Fair Debt

Credit Reporting Act, 15 U.S.C. §1681, et seq., in that GMAC "erroneously reported late

payments or defaults to credit agencies."  Accordingly, this action may be removed pursuant to

28 U.S.C. § 1441(b) as this Court has federal question jurisdiction under 28 U.S.C. §1331.

   3.    To the extent Plaintiff purports to allege any state law cause of action, the Court

has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

31028301v1 838180

4.      Copies of all process, pleadings and orders served upon GMAC in the state court action are attached hereto.

5.      Written notice of this Notice of Removal will be filed in the Supreme Court of the State of New York, County of Queens.

**WHEREFORE**, defendant GMAC respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Southern District of New York.

Dated: New York, New York
      May 30, 2008

HINSHAW & CULBERTSON LLP

By: _____
      Schuyler B. Kraus (SK-8105)
      Philip Touitou (PT-4302)
      780 Third Avenue, 4th Floor
      (212) 471-6200
      *Attorneys for Defendant GMAC Mortgage, LLC*

To:   Anna Pechersky, Esq.
      LAW OFFICES OF NATHAN PINKHASOV, PLLC
      95-20 63rd Road, Suite B
      Rego Park, New York 11374
      (718) 459-2600

      Brucha Mortgage Bankers Corp.
      5809 16th Avenue
      Brooklyn, New York 11204