UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================X
ILYA SIMANTOBOV,

                              Plaintiff,

                                                                                    08 CV 4985 (RPP)

       -against-

BRUCHA MORTGAGE BANKERS CORPORATION and
GMAC MORTGAGE, LLC, as successors in interest or
Assigns of Federal Home Loan Mortgage and First Federal
Savings and Loan,
                            Defendants.
===============================================X


## MEMORANDUM IN SUPPORT OF EXERCISE OF
## SUBJECT MATTER JURISDICTION

Hinshaw & Culbertson LLP
Maranda E. Fritz [MF 8060]
Schuyler B. Kraus [SK 8105]
*Attorneys for Defendant*
*GMAC Mortgage, LLC*
780 Third Avenue, 4th Floor
New York, New York 10017
(212) 471-6200 (Phone)
(212) 935-1166 (Fax)

PRELIMINARY STATEMENT

Defendant GMAC Mortgage, LLC ("GMAC" or "Defendant")[1] respectfully submits this memorandum of law and the declaration of Schuyler B. Kraus (the "Kraus Dec.") in support of the Court's exercise of subject matter jurisdiction of this matter and in opposition to plaintiff's June 26, 2008 letter request to remand the instant matter. GMAC respectfully submits that plaintiff's complaint raises a federal question because it asserts claims under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FRCA"). Therefore the Court properly has subject matter jurisdiction over the matter.

STATEMENT OF FACTS

The gravamen of plaintiff's complaint is that GMAC, as the servicing agent to the lender on plaintiff's mortgage, improperly reported that plaintiff's mortgage payments were late on numerous occasions. *See* Complaint (Kraus Dec., Exh. A). GMAC has answered the complaint and denied all material allegations. *See* GMAC's Answer and Affirmative Defenses (Kraus Dec., Exh. B). Unfortunately, plaintiff did not clearly identify the legal theories upon which he relies in his Complaint. Kraus Dec., Exh. A. Instead, he left GMAC and the Court to try and decipher what theories he is basing his claims upon. Three of plaintiff's causes of action complain of conduct that the FCRA was intended to address, however, it is unclear what cause of action is being asserted by his fourth cause of action. Specifically, each of the first three causes of action assert various formulations alleging, in sum and substance, that GMAC failed to "properly, accurately and correctly report credit information to the credit agencies." *See* Complaint, ¶¶ 11, 20, 21, 23, 26, 27, 30, and 32.

---

[1] Upon information and belief, co-defendant Brucha Mortgage Corporation surrendered its banking license and was dissolved in or about April 2000. GMAC is a foreign corporation authorized to transact business in New York. *See* GMAC's Answer and Affirmative Defenses, ¶3.

Such allegations present in substance a claim arising under the FCRA, which, for present purposes, affords plaintiff an exclusive remedy for such claims. As such, neither plaintiffs inartful pleading or purported "alternative" theories of liability should be permitted to transform this case from what it really is, i.e., a suit for violation of the credit reporting requirements. Accordingly, as further discussed below, this case was properly removed from the New York Supreme Court, Queens County. *See* Notice of Removal (Kraus Dec., Exh. C).

### A. Plaintiff Can Not Avoid A Proper Federal Forum By (In)Artful Pleading

Generally, for purposes of removal, courts are bound by the well pleaded complaint rule. *See Sullivan v. American Airlines, Inc.*, 424 F.3d 267 (2d cir. 2005). However, an exception to that rule exists in two circumstances. The first is in cases of complete preemption. The second exception concerns a plaintiff's attempts to avoid federal jurisdiction by failing to plead necessary federal questions in a complaint. *See Id.*; *Franchise Tax Board v. Construction Laborers Vacation Trust For S. CA.*, 463 U.S. 1, 103 S. Ct. 2841, 77 L.Ed2d 420 (1983). This second exception prohibits plaintiffs from using "artful" yet deceptive pleadings in order to avoid federal removal. In other words, if a case correctly depends upon federal questions, yet the plaintiff only pleads state law questions, the improper pleadings will not be a bar to federal removal. *Id.*

Here, plaintiff is clearly attempting to use his inartfully pled complaint to avoid GMAC's invocation of its right to a federal forum. Plaintiff's blatant attempt to recast his complaint should not be countenanced. *See Sebastiana Mgmt., Inc. v. Israeli*, No. 92-CV-4756, 1992 WL 390259 (E.D.N.Y. Nov. 3, 1992) ("Plaintiffs' recent attempt to disavow their federal causes of action is insufficient to avoid removal jurisdiction here. Just as plaintiff may not close off a

2

defendant's right to a federal forum by artful pleading ... a plaintiff may not avoid proper removal to a federal forum by declaring inartful pleading." (internal quotations omitted))

B.  **Plaintiff's First, Second, and Third Cause Of Action Assert Violations of the FCRA**

Plaintiff incorrectly asserts that GMAC is contending that only plaintiff's Second Cause of Action raises a claim under the FCRA. *See* June 26, 2008 letter from Peter M. Zirbes to Hon. Robert P. Patterson, p.2. In fact, GMAC submits that plaintiff's First, Second, and Third causes of action all purport to state claims which are within the ambit of the FCRA. *See* Notice of Removal. Plaintiff attempts to avoid his pleading by now asserting that the Second Cause of Action actually pleads a breach of fiduciary duty claim. However, the legal relationship between GMAC and plaintiff is based on a contract between GMAC and the holder of plaintiff's mortgage. No fiduciary relationship is created by contract or by law. *Nathan v. J&I Enter., Ltd.*, 212 A.D.2d 677 (2d Dep't 1995); *Leumi Trust Co. of N.Y. v. Block 3102 Corp.*, 180 A.D.2d 588 (1st Dep't 1992) (recognizing that there is no duty of care owed with respect to the negligent handling of the underlying loan), *lv. denied*, 80 N.Y.2d 754, 600 N.E.2d 633, 587 N.Y.S.2d 906; *Tenenbaum v. Gibbs*, 27 A.D.3d 722 (2d Dep't 2006); *Beckford v. Northeastern Mortgage Inv.*, 262 A.D.2d 436 (2d Dep't 1999). Further, New York law does not permit plaintiff to bring negligence claims based on performance of a contract. *Wapnick v. Seven Park Ave. Corp.*, 240 A.D.2d 245 (1st Dep't 1997) (dismissing plaintiff's negligence claims as "each of these claims is fundamentally no more than a breach of contract claim, and, absent the allegation of a duty owed by defendant independent of the contract [], a valid cause of action for negligence is not stated."); *Home & City Sav. Bank v. Jamel Realty Corp.*, 186 A.D.2d 936 (3d Dep't 1992) (same). As such, plaintiff has not alleged a viable legal theory supporting his claim that a duty

3

recognized under applicable law was owed and breached by GMAC. Accordingly, a claim of breach of fiduciary duty does not exist.

C.   **The State Law Causes of Action In Plaintiff's Recharacterized Complaint Are Preempted**

Pursuant to §1681t(a) of the FCRA, plaintiff's attempts to recharacterize his claims as state law negligence claims would be in vain because any state law claim which concerns the "collection, distribution, or use of any information on consumers," is preempted "to the extent those law are inconsistent with any provision" of the FCRA. Such claims are inconsistent because the elements necessary to demonstrate a FCRA violation are different than those under state common law. *See Akins v. Glens Falls City School Dist.*, 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981) (elements of negligence claim are (i) existence of duty to plaintiff, (ii) breach of duty, and (iii) injury). Further, "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this Title, relating to the responsibilities of persons who furnish information to consumer reporting agencies..." 15 U.S.C. §1681t(b)(1)(F). Further, §1681s(2) of the FCRA governs the liability of creditors under the FCRA. Both the FCRA and the case law are crystal clear that a furnisher of credit (i.e., a creditor) can be liable only after (i) a consumer asserts a dispute with a credit reporting agency, (ii) the credit reporting agency notifies the creditor of the dispute, and (iii) the creditor either fails to investigate or, if the information reported is inaccurate or incomplete, fails to correct the information within the designated time periods. 15 U.S.C. §1681s-2, *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

As the United States District Court in *Jaramillo v. Experian Infor. Services, Inc.*, 155 F. Supp.2d 356 (E.D. PA 2001) explained:

4

> The plain language of 15 U.S.C. §1681t(b)(1)(F) clearly <u>eliminated all state causes of action</u> against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy Congressional rationale for the elimination of state causes of action.

<u>Id</u>. at 362 (emphasis added); *see also Fashakin v. Nextel Comms.*, 2006 WL 1875341 (E.D.N.Y. July 5, 2006) (finding that state law claims were preempted).

Moreover, actions based on negligence are specifically preempted by the FCRA. Thus, 15 U.S.C. §1681h(e) states:

> <u>no consumer may bring any action or proceeding</u> in the nature of defamation, invasion of privacy, or <u>negligence</u> with respect to the reporting of information against any consumer reporting agency, any user of information, <u>or any person who furnishes information</u> to a consumer reporting agency … except as to false information furnished with malice or willful intent to injure such customer.

<u>Id</u>. (emphasis added); *see also Kane v. Guaranty Residential Lending, Inc.*, 2005 WL 1153623 (E.D.N.Y. May 16, 2005) (dismissing plaintiff's complaint finding that plaintiff's negligence claims against lender based on furnishing incorrect information to credit agencies were preempted.); *Gross v. Washington Mut., Inc.*, 2007 WL 1404435 (S.D.N.Y. May 10, 2007) (plaintiff's state law claims preempted by FCRA); *Fashakin*, 2006 WL 1875341 *18.

Additionally, pursuant to 15 U.S.C. §1681h(e) ("limitation of liability"), "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any . . . person who furnished information to a consumer reporting agency . . . based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." *See also Thornton v. Equifax, Inc.*, 619 F.2d 700, 704 (8th Cir. 1980) (interpreting §1681h(e) and holding

5

that FCRA preempts common law defamation claims at least to the extent that qualified immunity exists); *Marekh v. Equifax*, No. 00-6249, 2001 WL 65602 (2d Cir. Jan. 25, 2001) (upholding constitutionality of the FCRA's limits on common law defamation, invasion of privacy and negligence actions).

Accordingly, plaintiff should not be permitted to recharacterize the allegations of his complaint in order to assert causes of action which are squarely preempted by the FCRA. To permit otherwise would allow plaintiff to make an "end run" around the exclusive remedy created by congress.

## **CONCLUSION**

For the foregoing reasons, GMAC respectfully requests this Court issue an order (i) confirming the existence of federal subject matter jurisdiction over the instant matter; denying plaintiff's letter request to remand the instant action; and, (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 10, 2008

                                    HINSHAW & CULBERTSON LLP

                                    By: /s/ Maranda Fritz
                                        Maranda E. Fritz [MF-8060]
                                        Schuyler Kraus [SK-8105]

                                    780 Third Avenue, 4th Fl.
                                    New York, New York 10019
                                    (212) 471-6200
                                    *Attorneys for Defendant GMAC Mortgage, LLC*